UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LOFTUS et al.,

      Plaintiffs,                             Case No. 21-cv-11809

vs.                                            HON. MARK A. GOLDSMITH

OUTSIDE INTEGRATED MEDIA, LLC,

      Defendant.
_____/

### ORDER REGARDING JURISDICTION

This matter is before the Court on the Court's own review of the complaint, which was filed on August 5, 2021 (Dkt. 1). The purported basis of jurisdiction is 28 U.S.C. § 1332(d), which is part of the Class Action Fairness Act. Compl. ¶ 11. Under 28 U.S.C. § 1332(d), district courts have original jurisdiction over civil actions in which there are 100 or more class members; the amount in controversy exceeds five million dollars; and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The party asserting diversity jurisdiction—in this case, Plaintiff—bears the burden of establishing it. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010).

The Court concludes that the jurisdictional allegations in the complaint are insufficient to show a basis for jurisdiction. Plaintiff alleges that he is a citizen of the state of Michigan. Compl. ¶ 9. But he does not sufficiently allege Defendant's citizenship.

Plaintiff seems to characterize Defendant as both a limited liability corporation and a corporation. Plaintiff identifies Defendant as "Outside Integrated Media, LLC." See, e.g., Compl. ¶ 1. However, Plaintiff also states that "[d]efendant Outside Integrated Media, LLC is a Colorado

corporation with its headquarters and principal place of business in Santa Fe, New Mexico." Compl. ¶ 10.

A limited liability company has the citizenship of each of its members. Homfeld II, L.L.C., v. Comair Holdings, Inc., 53 F. App'x 731, 732 (6th Cir. 2002). And the citizenship of an individual for diversity purposes is his or her state of domicile. Napletana v. Hillsdale College, 385 F.2d 871, 872 (6th Cir. 1967). "To establish the 'citizenship' required for diversity jurisdiction, [the party asserting diversity jurisdiction] must show more than mere . . . residence. He must show that [the state in question] is his domicile." Deasy v. Louisville & Jefferson County Metro. Sewer Dist., 47 F. App'x 726, 728 (6th Cir. 2002). However, § 1332(d) provides that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

A corporation is a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

No later than August 18, 2021, Plaintiff must file an amended complaint that sets forth the type of entity that Defendant is and that sets forth allegations sufficient to show that the Court has subject matter jurisdiction. Failure to comply with this order will result in dismissal of the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

Dated: August 12, 2021　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge