# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN LOFTUS, individually and on behalf of all others similarly situated, | Case No. 2:21-cv-11809-MAG-DRG |
| Plaintiff, | Hon. Mark A. Goldsmith |
| v. | Mag. Judge David R. Grand |
| OUTSIDE INTEGRATED MEDIA, LLC, | |
| Defendant. | |

## PLAINTIFF'S CORRECTED UNOPPOSED MOTION FOR
## <u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

The undersigned counsel certifies that counsel communicated with opposing counsel, via email on Monday, March 14, 2021, explaining the nature of the relief to be sought by way of this Corrected Motion and seeking concurrence in the relief; Defendant's counsel does not oppose this Corrected Motion (which adds a paragraph certifying compliance with Local Rule 7.1(d)(3)) and the relief requested herein.

For the reasons set forth in Plaintiff's Brief in Support of his Corrected Unopposed Motion for Preliminary Approval of Class Action Settlement, Plaintiff respectfully requests that the Court: (1) grant preliminary approval of the Settlement Agreement; (2) provisionally certify the settlement class under Fed. R. Civ. P. 23(b)(3) in connection with the settlement process; (3) appoint Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., Frank S. Hedin and Arun G. Ravindran of Hedin Hall LLP, and E. Powell Miller of The Miller Law Firm, P.C. as Class Counsel; (4) appoint John Loftus as the Class Representative for the Settlement Class; and (5) approve the Notice Plan for the Settlement described in the Settlement Agreement and its Exhibits, as well as the specific Notice of Class Action and Proposed Settlement (the "Proposed Notice"), and direct distribution of the Proposed Notice.[1]

---

[1] Settlement Agreement and its exhibits are included in the accompanying Supporting Brief.

I, E. Powell Miller, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated:  March 17, 2022

Respectfully submitted,

*/s/ E. Powell Miller*
One of Plaintiff's Attorneys

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
248.841.2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, New York 10019
646.837.7150

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com

**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107

*Proposed Class Counsel*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| JOHN LOFTUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OUTSIDE INTEGRATED MEDIA, LLC,<br><br>Defendant. | Case No. 2:21-cv-11809-MAG-DRG<br><br>Hon. Mark A. Goldsmith<br><br>Mag. Judge David R. Grand |

## CORRECTED BRIEF IN SUPPORT OF PLAINTIFF'S CORRECTED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## STATEMENT OF ISSUES PRESENTED

1.      Does the proposed Settlement Class meet Rule 23's requirements for class certification for settlement purposes?

**Plaintiff's Answer: Yes.**

2.      Should Plaintiff's Counsel be appointed as Class Counsel?

**Plaintiff's Answer: Yes.**

3.      Should John Loftus, Plaintiff, be appointed as the Class Representative for the Settlement Class?

**Plaintiff's Answer: Yes.**

4.      Based on an initial evaluation, is the proposed Settlement fair, adequate, and reasonable, sufficient to warrant notice to the proposed settlement class?

**Plaintiff's Answer: Yes.**

5.      Does the Notice Plan satisfy the requirements of Rule 23 and Due Process?

**Plaintiff's Answer: Yes.**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 23

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)

*Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 133 S. Ct. 1884 (2013)

*Coulter-Owens v. Time, Inc.*, 308 F.R.D 524 (E.D. Mich. 2015)

*In re Whirlpool Corp. Front-Loading Washing Products Liability Litig.*, 722 F.3d 838 (6th Cir. 2013)

*UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)

# TABLE OF CONTENTS

**PAGE(S)**

I.     INTRODUCTION ................................................................1

II.    BACKGROUND ...............................................................4

    A.     Michigan's Preservation of Personal Privacy Act ...............................4

    B.     Plaintiff's Allegations...................................................5

    C.     The Litigation History and Settlement Discussions..............................6

III.   TERMS OF THE SETTLEMENT .................................................7

    A.     Class Definition........................................................7

    B.     Monetary Relief........................................................7

    C.     Release...............................................................8

    D.     Notice and Administration Expenses .........................................8

    E.     Service Award .........................................................8

    F.     Attorneys' Fees and Expenses..............................................8

IV.    THE PROPOSED CLASS IS APPROPRIATE FOR
    CERTIFICATION FOR SETTLEMENT PURPOSES .................................9

    A.     The Numerosity Requirement is Satisfied ........................................10

    B.     The Commonality Requirement is Satisfied .......................................11

    C.     The Typicality Requirement is Satisfied..............................................12

    D.     The Adequacy Requirement is Satisfied ...........................................14

    E.     The Proposed Settlement Class Meets the Requirements
        of Rule 23(b)(3)...........................................................17

        1.     Common Questions Predominate ............................................18

        2.     A Class Action Is A Superior Mechanism................................19

V.      PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS
        COUNSEL ........................................................................................21

VI.     PRELIMINARY APPROVAL OF THE SETTLEMENT IS
        APPROPRIATE ...............................................................................22

        A.      The Rule 23(e)(2) Factors Weigh in Favor of Preliminary
                Approval ...............................................................................23

        B.      The Sixth Circuit's *UAW* Factors Weigh in Favor of
                Preliminary Approval ...........................................................25

                1.      There Is No Risk of Fraud or Collusion (*UAW*
                        Factor 1) ....................................................................25

                2.      Litigation Through Trial Would Be Complex,
                        Costly, and Long (*UAW* Factor 2) ...........................26

                3.      Discovery Has Advanced Far Enough to Allow the
                        Parties to Resolve the Case Responsibly (*UAW*
                        Factor 3) ....................................................................27

                4.      Plaintiff Would Face Real Risks if the Case
                        Proceeded (*UAW* Factor 4) ......................................28

                5.      Proposed Class Counsel and Class Representative
                        Support the Settlement (*UAW* Factor 5) ..................29

                6.      The Reaction of Absent Class Members (*UAW*
                        Factor 6) ....................................................................29

                7.      The Settlement Serves the Public Interest (*UAW*
                        Factor 7) ....................................................................29

VII.    THE NOTICE PLAN SHOULD BE APPROVED IN FORM AND
        SUBSTANCE ...................................................................................31

VIII.   CONCLUSION .................................................................................33

# TABLE OF AUTHORITIES

## Cases

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) .......................................................................... passim

*Amgen Inc. v. Conn. Retirement Plans and Trust Funds*,
    133 S. Ct. 1184 (2013) .....................................................................9, 19

*Beattie v. CenturyTel, Inc.*,
    511 F.3d 554 (6th Cir. 2007)...............................................................15

*Calloway v. Caraco Pharm. Labs., Ltd.*,
    287 F.R.D. 402 (E.D. Mich. 2012) .......................................................20

*Coulter-Owens v. Rodale, Inc.*,
    No. 14-cv-12688 (E.D. Mich.).................................................................2

*Coulter-Owens v. Time, Inc.*,
    308 F.R.D 524 (E.D. Mich. 2015) ............................................... passim

*Curry v. SBC Comm'ns, Inc.*,
    250 F.R.D 301 (E.D. Mich. 2008) .......................................................10

*Daffin v. Ford Motor Co.*,
    458 F.3d 549 (6th Cir. 2006)...............................................................10

*Date v. Sony Electronics, Inc.*,
    2013 WL 3945981 (E.D. Mich. July 31, 2013) ...................................14

*Davidson v. Henkel Corp.*,
    302 F.R.D. 427 (E.D. Mich. 2014) .......................................................10

*Ebin v. Kangadis Food Inc.*,
    297 F.R.D. 561 (S.D.N.Y. Feb. 25, 2014) ...........................................16

*Edwards v. Hearst Communications, Inc.*,
    No. 15-cv-09279 (S.D.N.Y.)...................................................................2

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) ...................................................................... 30, 31

*Fox v. Cty. of Saginaw*,
    2020 WL 6118487 (E.D. Mich. Oct. 16, 2020) ...................................16

*Gilkey v. Central Clearing Co.*,
    202 F.R.D. 515 (E.D. Mich. 2001) .......................................................13

*Granada Investments, Inc. v. DWG Corp.*,
    962 F.2d 1203  (6th Cir. 1992)...............................................................25

*Groover v. Prisoner Transportation Servs., LLC*,
    2019 WL 3974143 (S.D. Fla. Aug. 22, 2019)......................................16

*Halaburda v. Bauer Publishing Co, LP*,

No. 12-cv-12831 (E.D. Mich.) ......................................................................2

*In re Am. Med. Sys., Inc.*,
  75 F.3d 1069 (6th Cir. 1996) ............................................................... 10, 13

*In re Cardizem CD Antitrust Litig.*,
  200 F.R.D. 297 (E.D. Mich. 2001) ...................................................... 18, 20

*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ...........................................................29

*In re Packaged Ice Antitrust Litig.*,
  2010 WL 3070161 (E.D. Mich. Aug. 2, 2010) ........................................22

*In re Whirlpool Corp. Front-Loading Washing Products Liability Litig.*,
  722 F.3d 838 (6th Cir. 2013) ...............................................................9, 19

*In Re: Ford Motor Co. F-150 and Ranger Truck Fuel Economy Marketing and*
  *Sales Practices Litigation*,
  Case No. 2:19-md-02901 .........................................................................16

*Int'l Union v. Ford Motor Co.*,
  2006 WL 1984363 (E.D. Mich. July 13, 2006) .......................................14

*Kinder v. Meredith Corporation*,
  No. 14-cv-11284 (E.D. Mich.) ......................................................... passim

*Leonhardt v. AvrinMeritor, Inc.*,
  581 F. Supp. 2d 818  (E.D. Mich. 2008) ..................................................25

*Little Caesar Enters., Inc. v. Smith*,
  172 F.R.D. 236 (E.D. Mich. 1997) ...........................................................14

*Luczak v. Nat'l Beverage Corp.*,
  2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) ...........................................16

*Machesney v. Lar-Bev of Howell, Inc.*,
  292 F.R.D. 412 (E.D. Mich. 2013) ...........................................................18

*McDonald v. Asset Acceptance LLC*,
  296 F.R.D. 513 (E.D. Mich. 2013) ...........................................................10

*Merenda v. VHS of Mich., Inc.*,
  296 F.R.D. 528 (E.D. Mich. 2013) ..................................................... 11, 17

*Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*,
  No. 15-cv-05671 (S.D.N.Y.) ......................................................................2

*Moeller v. American Media, Inc.*,
  No. 16-cv-11367 (E.D. Mich.) ..............................................................2, 24

*Parker v. Time Warner Entertainment Co.*,
  239 F.R.D. 318 (E.D.N.Y. 2007) ..............................................................12

*Perlin v. Time, Inc.*,
  No. 16-cv-10635 (E.D. Mich.) ...............................................................1, 24

*Powers v. Hamilton County Public Defender Com'n*,
  501 F.3d 592 (6th Cir. 2007) .............................................................. 18, 20

*Reese v. CNH America, LLC,*
  227 F.R.D. 483 (E.D. Mich. 2005) ....................................................................13
*Ruppel v. Consumers Union of United States, Inc.,*
  No. 16-cv-02444 (S.D.N.Y.) ...............................................................................2
*Senter v. Gen. Motors Corp.,*
  532 F.2d 511 (6th Cir. 1976) ............................................................................14
*Sheick v. Auto. Component Carrier, LLC,*
  2010 WL 3070130 (E.D. Mich. Aug. 2, 2010) ..................................................25
*Taylor v. Trusted Media Brands, Inc.,*
  No. 16-cv-01812 (S.D.N.Y.) ................................................................................1
*UAW v. Gen. Motors Corp.,*
  2006 WL 891151 (E.D. Mich. Mar. 31, 2006) ........................................... 25, 26
*UAW v. Gen. Motors Corp.,*
  497 F.3d 615 (6th Cir. 2007) ..................................................................... passim
*Vassalle v. Midland Funding LLC,*
  708 F.3d 747 (6th Cir. 2013) ............................................................................14
*Wal-Mart Stores, Inc. v. Dukes,*
  131 S. Ct. 2541 (2011) .............................................................................. 11, 18
*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,*
  396 F.3d 96 (2d Cir. 2005) ...............................................................................22
*Young v. Nationwide Mut. Ins. Co.,*
  693 F.3d 532 (6th Cir. 2010) .................................................................... 19, 21

**Statutes**
M.C.L. § 445.1712 .......................................................................................................4
M.C.L. § 445.1715 .......................................................................................................4
M.C.L. § 600.5805(2) ..................................................................................................3
M.C.L. § 600.5813 .......................................................................................................3
28 U.S.C. § 1715 ........................................................................................................32

**Rules**
Fed. R. Civ. P. 23 (c)(2)(B) .......................................................................................31
Fed. R. Civ. P. 23(a)................................................................................. 9, 14, 17, 18
Fed. R. Civ. P. 23(a)(1)..............................................................................................10
Fed. R. Civ. P. 23(a)(2)..............................................................................................11
Fed. R. Civ. P. 23(a)(3)..............................................................................................12
Fed. R. Civ. P. 23(a)(4)..............................................................................................14
Fed. R. Civ. P. 23(b) ..................................................................................................17
Fed. R. Civ. P. 23(b)(3)..................................................................................... passim
Fed. R. Civ. P. 23(c)(2)(B) ........................................................................................31

Fed. R. Civ. P. 23(e)(1)(B) ............................................................. 31
Fed. R. Civ. P. 23(e)(2) ................................................................... 23
Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv) .................................................. 21
Fed. R. Civ. P. 23(g)(1)(B) ............................................................. 21
Fed. R. Civ. P. 26 ............................................................................. 6

**Other Authorities**

*Manual for Complex Litigation* § 21.632 (4th ed. 2004) ....................... 22
*Newberg on Class Actions* § 11.41 (4th ed. 2002) ......................... 22, 31

## I.    INTRODUCTION

The Settlement negotiated by Plaintiff and proposed Class Counsel in this action brought under the Michigan Preservation of Personal Privacy Act (the "PPPA") represents an excellent result for the Settlement Class. The proposed Settlement creates an $850,000 non-reversionary cash Settlement Fund, from which every Settlement Class Member (except for those who submit requests for exclusion from the Settlement) will <u>automatically</u> receive (i.e., without having to file a claim form) a *pro rata* cash payment of approximately $50. The proposed Settlement was only reached after a full-day mediation with The Honorable James F. Holderman (Ret.), formerly of the Northern District of Illinois and now a mediator at JAMS (Chicago), and comes after a lengthy pre-filing investigation, efficiently prosecuted litigation, and arm's-length negotiations between the Parties. By any reasonable measure, the Settlement provides fair, reasonable, and adequate relief to the Settlement Class, and its terms and notice procedures readily satisfy due process and the procedural requisites of Rule 23.

The Court need not evaluate the Settlement in a vacuum, since it follows examples set by those that came before it. *See Perlin v. Time, Inc.*, (No. 2:16-cv-10635 ECF No. 51, PageID.778-789) (E.D. Mich.) (approving class action settlement that was expected to pay between $25 to $50 per claimant); *Taylor v. Trusted Media Brands, Inc.*, No. 16-cv-01812, Dkt. 87 (S.D.N.Y.) (approving class

1

action settlement that paid approximately $41 per claimant) (Exhibit A); *Coulter-Owens v. Rodale, Inc.*, (No. 2:14-cv-12688 ECF No. 54, PageID.852-866) (E.D. Mich.) (approving class action settlement that paid approximately $42 per claimant); *Kinder v. Meredith Corporation*, No. 1:14-cv-11284 ECF No. 72, PageID.2396-2436) (E.D. Mich.) (approving class action settlement that paid approximately $50 per claimant); *Edwards v. Hearst Communications, Inc.*, No. 15-cv-09279, Dkt. 314 (S.D.N.Y.) (approving class action settlement that paid approximately $98 per claimant) (Exhibit B); *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, No. 15-cv-05671, Dkt. 143 (S.D.N.Y.) (approving class action settlement that paid approximately $82 per claimant) (Exhibit C); *Ruppel v. Consumers Union of United States, Inc.*, No. 16-cv-02444, Dkt. 99 (S.D.N.Y.) (approving class action settlement that paid approximately $109 per claimant) (Exhibit D); *Moeller v. American Media, Inc.*, (No. 2:16-cv-11367 ECF No. 42, PageID.891-899) (E.D. Mich.) (approving class action settlement that paid approximately $100 per claimant); *Halaburda v. Bauer Publishing Co, LP*, (No. 12-cv-12831 ECF No. 68, PageID.1374-1383) (E.D. Mich.) (approving class action settlement that paid approximately $74 per claimant).

The proposed Settlement in this case outperforms the previously approved settlements cited above both in structure and per-class member recovery. Unlike the prior PPPA settlements cited above, this Settlement does not require Settlement

Class Members to submit claim forms, and instead provides <u>automatic</u> cash payments to every class member who does not exclude him or herself. Thus, unlike in past PPPA settlements where 80%-90% of settlement class members did not submit claim forms and thus did not receive cash payments, in this case every non-excluded Settlement Class member will receive a cash payment upon final approval of the proposed Settlement. Simply put, the automatic, per-class member relief secured by this Settlement marks an excellent result for the Settlement Class.

The proposed Settlement is even more impressive when considering that at the time it was reached, no court had ever adjudicated the proper statute of limitations for a PPPA claim, and the statute of limitations issue continues to be contested by defendants in other pending PPPA cases. Defendant advocates for a three-year statute of limitations pursuant to M.C.L. § 600.5805(2), while Plaintiff advocates for a six-year statute of limitations pursuant to M.C.L. § 600.5813. Because the case was filed more than three years after the alleged unlawful disclosures, if the Court ultimately sided with Defendant, the case would have been time-barred and the Settlement Class would have recovered nothing at all.

The strength of this Settlement speaks for itself, and the Court should have no hesitation granting it preliminary approval. Accordingly, Plaintiff respectfully requests that the Court (1) grant preliminary approval of the Settlement Agreement; (2) provisionally certify the settlement class under Fed. R. Civ. P. 23(b)(3) in

connection with the settlement process; (3) appoint Joseph I. Marchese and Philip

L. Fraietta of Bursor & Fisher, P.A., Frank S. Hedin and Arun G. Ravindran of Hedin

Hall LLP, and E. Powell Miller of The Miller Law Firm, P.C. as Class Counsel; (4)

appoint John Loftus as the Class Representative for the Settlement Class; and (5)

approve the Notice Plan for the Settlement described in the Settlement Agreement

and its Exhibits, as well as the specific Notice of Class Action and Proposed

Settlement (the "Proposed Notice")[2], and direct distribution of the Proposed Notice.

## II.   BACKGROUND

### A.   Michigan's Preservation of Personal Privacy Act

The Michigan legislature passed the PPPA "to preserve personal privacy with

respect to the purchase, rental, or borrowing of written materials, sound recordings,

and video recordings." First Amended Complaint (ECF No. 4) ("FAC"). As such,

the PPPA provides that:

> a person, or an employee or agent of the person, engaged
> in the business of selling at retail . . . books or other written
> materials . . . shall not disclose to any person, other than
> the customer, a record or information concerning the
> purchase . . . of those materials by a customer that
> indicates the identity of the customer.

M.C.L. § 445.1712.

To enforce the statute, the PPPA authorizes civil actions and provides for the

recovery of statutory damages in the amount of $5,000, plus costs and reasonable

---

[2] These are attached as Exhibits A-C to the Settlement Agreement.

attorney fees. *See* M.C.L. § 445.1715.

**B.      Plaintiff's Allegations**

Outside Integrated Media, LLC ("Outside" or "Defendant") is an international media company that publishes *Outside* and other magazines. *See* FAC ¶ 10. Plaintiff alleges that before July 30, 2016, Defendant disclosed information related to its customers' magazine subscription histories and personal reading habits. *Id.* ¶¶ 1-2, 5-8, 41-48. Plaintiff alleges that Defendant traded its customers' protected reading information with certain third parties – including data mining companies – in exchange for other demographic and lifestyle data that such companies have already gathered (or "mined") on each subscriber. *Id.* ¶¶ 5, 41-43. Plaintiff further alleges that Defendant thereafter "enhanced" its own customer profiles with this additional data, and then allegedly disclosed the enhanced information to other unrelated third parties for a profit. *Id.*

Plaintiff further alleges that no matter how consumers subscribed (*i.e.*, via postcard, over the phone, or on Defendant's website), Defendant's customers never provided consent to disclose information related to their magazine subscriptions to third parties. *Id.* ¶¶ 5, 45-46. Plaintiff claims that this is because – during the subscription process – customers are not required to consent to any terms or policies informing them of Defendant's alleged disclosure practices. *Id.*

**C.     The Litigation History and Settlement Discussions**

Plaintiff filed this class action lawsuit on August 4, 2021, in the United States Court for the Eastern District of Michigan. (ECF No. 1). Plaintiff subsequently filed a First Amended Complaint on August 18, 2021. (ECF No. 4).

From the outset of the case, the Parties engaged in direct communication, and as part of their obligation under Fed. R. Civ. P. 26, discussed the prospect of resolution. *See* Declaration of Philip L. Fraietta in Support of Plaintiff's Corrected Unopposed Motion For Preliminary Approval ("Fraietta Decl.") at ¶ 6 (Exhibit E). Those discussions led to an agreement between the Parties to engage in mediation, which the Parties agreed would take place before The Honorable James F. Holderman (Ret.), who is a neutral at JAMS in Chicago. *Id.* ¶ 7. As part of the mediation, the Parties exchanged informal discovery, including on issues such as the size and scope of the putative class. *Id.* ¶ 8. Given that the information exchanged would contained the same information produced in formal discovery related to issues of class certification and summary judgment, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses. *Id.* ¶ 9. The mediation took place on February 1, 2022, and lasted the entire day. At the conclusion of the mediation, the Parties reached agreement on all material terms of a class action settlement and executed a term sheet. *Id.* ¶ 10. In the weeks following, the Parties negotiated and finalized the full-form Settlement Agreement (the

"Settlement" or the "Agreement"), which is attached to the Fraietta Declaration as Exhibit 1. *Id.* ¶ 11.

## III.   TERMS OF THE SETTLEMENT

The key terms of the Settlement Agreement are briefly summarized as follows:

### A.   Class Definition

The "Settlement Class" is defined as:

> All Persons who purchased a subscription directly from the publisher of *Backpacker*, *Clean Eating*, *Climbing*, *Gym Climber*, *Outside*, *Oxygen*, *Rock and Ice*, *SKI*, *Trail Runner*, *Triathlete*, *VeloNews*, *Women's Running*, or *Yoga Journal* for delivery to a Michigan street address, and who subscribed to such publication between August 4, 2015, and July 30, 2016.[3]

Agreement ¶ 1.32.

### B.   Monetary Relief

Defendant shall establish an $850,000 non-reversionary Settlement Fund, from which each Settlement Class Member who does not exclude him or herself shall receive a *pro rata* cash payment, estimated to be approximately $50, after payment of notice and administrative expenses, attorneys' fees, and a service award

---

[3] Excluded from the Settlement are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

to the proposed Class Representative. Agreement ¶¶ 1.34, 2.1. No portion of the Settlement Fund will revert back to Defendant. *Id.* ¶ 2.1(h).

### C.  Release

In exchange for the $850,000 cash payment, Defendant and each of its related and affiliated entities (the "Released Parties" defined in ¶ 1.28 of the Settlement) will receive a full release of all claims arising out of or related to Defendant's disclosure of its Michigan customers' magazine subscription information. *See* Agreement ¶¶ 1.27-1.29 for full release language.

### D.  Notice and Administration Expenses

The Settlement Fund will be used to pay the cost of sending the Notice set forth in the Agreement and any other notice as required by the Court, as well as all costs of administration of the Settlement. Agreement ¶¶ 1.30-31, 1.34.

### E.  Service Award

In recognition of his efforts on behalf of the Settlement Class, Defendant has agreed that Plaintiff Loftus may receive, subject to Court approval, a service award of $5,000 from the Settlement Fund, as appropriate compensation for his time, effort, and leadership serving as class representative. Agreement ¶ 8.3.

### F.  Attorneys' Fees and Expenses

Defendant has agreed that the Settlement Fund may also be used to pay proposed Class Counsel reasonable attorneys' fees and to reimburse their expenses in this Action, in an amount to be approved by the Court. Agreement ¶¶ 1.34, 8.1.

Proposed Class Counsel have agreed to petition the Court for no more than 35% of the Settlement Fund. *Id*. ¶ 8.1.

## IV.   THE PROPOSED CLASS IS APPROPRIATE FOR CERTIFICATION FOR SETTLEMENT PURPOSES

Before granting preliminary approval of the proposed Settlement, the Court must determine that the proposed settlement class is appropriate for certification. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Class certification is proper if the proposed class satisfies the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a). Fed. R. Civ. P. 23(a); *see Amgen Inc. v. Conn. Retirement Plans and Trust Funds*, 568 U.S. 455, 460 (2013). Additionally, because Plaintiff seeks certification under Rule 23(b)(3), he must also demonstrate that common questions of law or fact predominate over individual issues and that a class action is the superior device to adjudicate the claims. *Amchem*, 521 U.S. at 615–16. District courts are given broad discretion to determine whether certification of a class action lawsuit is appropriate. *In re Whirlpool Corp. Front-Loading Washing Products Liability Litig.*, 722 F.3d 838, 850 (6th Cir. 2013). As explained below, the proposed Settlement Class satisfies all of the Rule 23(a) and 23(b)(3) prerequisites, and thus, should be certified.

Notably, in the only PPPA case to reach a decision on a contested class certification motion, Judge Steeh granted class certification. *See Coulter-Owens v. Time, Inc.*, 308 F.R.D 524 (E.D. Mich. 2015). Likewise, similar classes of magazine

9

purchasers were certified for settlement purposes in the other PPPA class action settlements discussed above. *See supra* at Introduction. Like the classes in those cases, the proposed Settlement Class here should be certified.

### A.    The Numerosity Requirement is Satisfied

The numerosity requirement is met when joining such a large number of plaintiffs in a single suit would be impracticable. Fed. R. Civ. P. 23(a)(1); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Although there is no fixed numerical threshold for determining impracticability of joinder, a "substantial amount of members will suffice." *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513, 520 (E.D. Mich. 2013) (citing *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006)). Only a reasonable estimate or some evidence of the number of members in the purported class is required. *Id.*; *see also Curry v. SBC Comm'ns, Inc.*, 250 F.R.D 301, 310 (E.D. Mich. 2008) (noting that 40 class members is sufficient to satisfy the numerosity requirement); *Davidson v. Henkel Corp.*, 302 F.R.D. 427, 436 (E.D. Mich. 2014) (certifying a class of 49 plaintiffs).

Here, the proposed Settlement Class easily satisfies Rule 23's numerosity requirement. According to Defendant's records, the proposed Settlement Class is comprised of approximately 10,298 persons. Fraietta Decl. ¶ 12. Thus, there is no question that joinder of all members of the Settlement Class would be impractical and numerosity is, therefore, satisfied.

**B.     The Commonality Requirement is Satisfied**

The second requirement for certification mandates that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied when the claims depend on a common contention, the resolution of which will bring a class-wide resolution of the claims. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The threshold for demonstrating the commonality requirement is not high, as "complete identity of issues is not required," *Merenda v. VHS of Mich., Inc.*, 296 F.R.D. 528, 536 (E.D. Mich. 2013), and is satisfied when there is one question common to the class, the resolution of which will advance the litigation. *See Whirlpool Litig.*, 722 F.3d at 582–83.

Here, Plaintiff alleges that the common contention on which the claims of all class members depend is that Defendant disclosed each of its customers' protected personal reading information to third parties in violation of the PPPA. Plaintiff contends that determination of the truth or falsity of this contention can be made on a class wide basis and will resolve an issue – the key issue in the case – central to each class member's claims at once.

Determining the truth or falsity of this common contention raises numerous common questions that track the elements of a PPPA claim. Numerous courts considering settlement classes in the context of PPPA claims have agreed. *See, e.g.*, *Kinder v. Meredith Corp.*, 2016 WL 454441, at *1 (E.D. Mich. Feb. 5, 2016).

11

Plaintiff contends that the central factual and legal questions in the case can be determined on a class-wide basis using the same evidence regarding Defendant's practices. *See Coulter-Owens*, 308 F.R.D. at 532–534 (finding PPPA litigation against another magazine publisher was "driven by issues that are common to the entire putative class").

Several federal courts have similarly held that cases like this one – in which defendants are accused of uniformly disclosing information protected by a privacy statute – raise common issues of fact or law. *See, e.g., Coulter-Owens*, 308 F.R.D. at 532–534; *Parker v. Time Warner Entertainment Co.*, 239 F.R.D. 318, 329–30 (E.D.N.Y. 2007) (commonality established where "the claims are derived from the same legal theory and based upon the same factual question – whether class members were injured because of [defendant's] disclosure of their [statutorily protected information] without properly notifying them of that practice").

Given that there are multiple questions of law and fact common to members of the Settlement Class, the commonality requirement is satisfied.

## C.    The Typicality Requirement is Satisfied

The next prerequisite—typicality—requires that a class representative has claims that are typical of those of the putative class members. Fed. R. Civ. P. 23(a)(3). "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court

may properly attribute a collective nature to the challenged conduct." *In re Am. Med. Sys., Inc.,* 75 F.3d at 1082. The test for typicality is not demanding and does not require the interests and claims of the plaintiffs to be identical. *Reese v. CNH America, LLC,* 227 F.R.D. 483, 487 (E.D. Mich. 2005). "Typicality may be presumed when the plaintiff's claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members." *Gilkey v. Central Clearing Co.,* 202 F.R.D. 515, 524 (E.D. Mich. 2001). In other words, when the basis of the suit is the defendant's systematic business practices towards the named plaintiff and the members of the proposed class, typicality is satisfied.

Here, Plaintiff alleges that Defendant's disclosure of his subscription information was not a one-off situation unique to him, but rather was part of Defendant's alleged general business practice of disclosing its customers' subscription information to third parties without consent. FAC ¶¶ 1-2, 5-8, 41-48. It is Plaintiff's contention that no matter the person – whether it be Plaintiff or other members of the putative class – the disclosures are alleged to be made in the exact same manner and for the exact same purpose. And, because Plaintiff alleges that such conduct violates the PPPA, which provides identical statutory damages to all members of the Settlement Class, his claims are typical of the other putative class members. Accordingly, by pursuing his own claims in this matter, Plaintiff will necessarily advance the interests of the Settlement Class, and typicality is therefore

satisfied. *See, e.g.*, *Coulter-Owens*, 308 F.R.D. at 534-35; *Kinder*, 2016 WL 454441, at *1; *Date v. Sony Electronics, Inc.*, 2013 WL 3945981, at *3 (E.D. Mich. July 31, 2013) ("Because all Class Members' claims arise from the same course of conduct . . . their claims are based on the same legal theory and the typicality requirement, which is not onerous, is met."); *Little Caesar Enters., Inc. v. Smith*, 172 F.R.D. 236, 243 (E.D. Mich. 1997) (finding typicality met where "[t]he class representatives' claims arose from the same events, legal documents, and consequences and legal theories affecting all [class members]").

### D.      The Adequacy Requirement is Satisfied

The final Rule 23(a) prerequisite requires a finding that the class representative has and will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The two criteria for determining whether class representatives are adequate are (1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Int'l Union v. Ford Motor Co*., 2006 WL 1984363, at *19 (E.D. Mich. July 13, 2006) (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)); *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir. 2013). Adequacy exists when the named plaintiff is a part of the class, possesses the same interest, suffered the same injury, and thus, seeks the same type of relief as the other class members. *See*

*Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007) (quoting *Amchem*, 521 U.S. at 625–26).

In this case, Plaintiff – like each and every one of the Settlement Class Members – is a Michigan customer that purchased a magazine subscription from Defendant and then allegedly had his subscription information disclosed to third parties without his consent. FAC ¶¶ 9, 41-48. Thus, Plaintiff and the Settlement Class Members have the exact same interest in recovering the statutory damages to which they are entitled under the PPPA. As such, Plaintiff does not have any interest antagonistic to those of the proposed Settlement Class and his pursuit of this litigation should be clear evidence of that.

Likewise, proposed Class Counsel – Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., Frank S. Hedin and Arun G. Ravindran of Hedin Hall LLP, and E. Powell Miller of The Miller Law Firm, P.C. – have extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Fraietta Decl. ¶¶ 14-16. They regularly engage in major complex litigation involving consumer privacy, including recent PPPA cases, have the resources necessary to conduct litigation of this nature, and have frequently been appointed lead class counsel by courts throughout the country. *Id.*; *see* Firm Resumes of Bursor & Fisher, P.A., Hedin Hall LLP, and The Miller Law Firm, P.C., attached to the Fraietta Declaration as Exhibits 2-4; *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561,

566 (S.D.N.Y. Feb. 25, 2014) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. . . . The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008."); *Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) ("Hedin Hall LLP has extensive experience in class actions[.]"); *Groover v. Prisoner Transportation Servs., LLC*, 2019 WL 3974143, at *2 (S.D. Fla. Aug. 22, 2019) ("Counsel [at Hedin Hall LLP] provided excellent and thorough representation in a case that was exceptionally time-consuming."); *Fox v. Cty. of Saginaw*, 2020 WL 6118487, at *11 (E.D. Mich. Oct. 16, 2020) ("counsel have substantial experience litigating class actions and novel constitutional questions"); *In Re: Ford Motor Co. F-150 and Ranger Truck Fuel Economy Marketing and Sales Practices Litigation*, Case No. 2:19-md-02901 ECF No. 55, PageID.1158 ("The Court concludes that E. Powell Miller with the Miller Law Firm is the applicant best able to represent the interests of the putative class based upon: E. Powell Miller and the Miller Law Firm's prior experience in handling class actions and other complex litigation, counsel's knowledge of the applicable law, the work that E. Powell Miller and the Miller Law Firm have done in identifying and investigating the potential claims in this action, and the resources that counsel will commit to representing the putative class. The Court also notes that half of the motions it reviewed explicitly recognized

16

E. Powell Miller's qualifications and fitness for the position of interim counsel.").

Further, proposed Class Counsel have devoted substantial resources to the prosecution of this action by investigating Plaintiff's claims and that of the Settlement Class, obtaining, reviewing and analyzing discovery, participating in a private full-day mediation with Judge Holderman, and ultimately, negotiating a settlement that provides for an excellent per-class member recovery, despite the substantial litigation risk that was present at the time of settlement pertaining to the statute of limitations, as well as additional risks on the merits and class certification, if the case had proceeded. Fraietta Decl. ¶¶ 4-13. In sum, proposed Class Counsel have vigorously prosecuted this action and will continue to do so throughout its pendency. *Id.*

Accordingly, since Plaintiff and proposed Class Counsel have demonstrated their commitment to representing the Settlement Class and neither have interests antagonistic to the Settlement Class, the adequacy requirement is satisfied.

### E. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)

After meeting the prerequisites of Rule 23(a), a plaintiff seeking class certification must also show that the action qualifies under at least one of the categories outlined in Rule 23(b). Fed. R. Civ. P. 23(b); *Merenda*, 296 F.R.D. at 535. Here, Plaintiffs seek certification under Rule 23(b)(3), which requires that (i) common questions of law and fact predominate over individualized ones, and that

17

(ii) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). As explained below, the proposed Settlement Class meets these requirements.

### 1.   Common Questions Predominate

Rule 23(b)(3)'s predominance requirement focuses on whether the defendant's liability is common enough to be resolved on a class basis, *Dukes,* 564 U.S. at 349-60, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The Rule 23(b)(3) predominance requirement is akin to the commonality requirement Rule 23(a) in that both require the existence of common questions of law and fact – however, Rule 23(b) imposes the more stringent requirement that common issues predominate over individual issues. *Machesney v. Lar-Bev of Howell, Inc.*, 292 F.R.D. 412, 423 (E.D. Mich. 2013). In other words, where commonality is satisfied when there is a single factual or legal question common to the class, the "predominance requirement is met if this common question is at the heart of the litigation." *Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 619 (6th Cir. 2007). Common issues are at the heart of a case when there is generalized evidence that would prove or disprove an element of the action on a class-wide basis. *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 339 (E.D. Mich. 2001); *see also Powers*, 501 F.3d at 619 (noting that "cases alleging a single course of wrongful conduct are particularly well-suited

to class certification.").

In this case, there allegedly was a common course of conduct engaged in by Defendant. In these circumstances, courts find, particularly for purposes of settlement, that there is predominance of common questions over individual issues. *See Coulter-Owens*, 308 F.R.D. at 536; *Kinder*, 2016 WL 454441, at *2.

Since Defendant engaged in a single course of conduct with respect to all members of the Settlement Class, their claims "will prevail or fail in unison," and as such, predominance is met. *Whirlpool*, 722 F.3d at 859 (quoting *Amgen*, 133 S. Ct. at 1191).

### 2.    A Class Action Is a Superior Mechanism

The class action device is also the superior means of adjudicating this controversy because it "achieve[s] economies of time, effort and expense and promote[s] . . . uniformity of decision as to persons similarly situated." *Amchem*, 521 U.S. at 615. Class actions are preferred over small, individual suits for damages because they provide a mechanism through which individuals who, under other circumstances, would not have the opportunity to seek redress from the defendant through litigation, can do so. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 545 (6th Cir. 2010); *see also Amchem,* 521 U.S. at 617. Actions alleging a standard course of wrongful conduct are particularly well-suited for class certification because they facilitate efficiency and uniformity. *Young*, 693 F.3d at 545*; see also*

*Powers*, 501 F.3d at 619 ("[C]ases alleging a single course of wrongful conduct are particularly well-suited to class certification."). As Judge Steeh held in *Coulter-Owens*, "given the commonalities, it makes sense to proceed as a class action and address the issues one time rather than [in] potentially hundreds of separate cases." 308 F.R.D. at 537. And in the context of certifying a class for settlement purposes, "a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620.

Here, all questions necessary to determine whether Defendant violated the PPPA are common to all Settlement Class Members. As such, a class action is a much more efficient use of judicial and party resources than multiple actions. *See In re Cardizem CD Antitrust Litig.*, 200 F.R.D. at 326. Further, absent a class action, members of the Settlement Class would almost certainly find the cost of individually litigating their claims to be prohibitive. Indeed, no other member of the proposed Settlement Class has brought any PPPA claims against Defendant; and thus, "there is no indication that any class member wants to individually control his or her own separate action." *Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 408 (E.D. Mich. 2012).

In addition, many members of the proposed Settlement Class may not even be aware of their potential right of action if that Defendant did indeed disclose their

protected information to third parties. Where consumers are unlikely to discover (and vindicate) injuries absent certification of a class, class treatment is superior to the alternatives. *Young*, 693 F.3d at 545-46.

Therefore, because common questions predominate and a class action is the superior method for adjudicating the controversy, maintenance of this action as a class action is appropriate.

## V.   PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

Under Rule 23, "a court that certifies a class must appoint counsel . . . [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court considers proposed class counsel's: (1) work in identifying or investigating the potential claim, (2) experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (3) knowledge of the applicable law, and (4) resources that it will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

As discussed above, proposed Class Counsel have extensive experience in prosecuting consumer class actions in general, and privacy class actions specifically. *See supra* at § IV.D. And as a result of their zealous efforts in this case, proposed Class Counsel have secured an extremely favorable automatic per class member recovery in this PPPA case. Thus, the Court should appoint Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., Frank S. Hedin and Arun G. Ravindran

of Hedin Hall LLP, and E. Powell Miller of The Miller Law Firm, P.C. as Class

Counsel.

## VI. PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The law favors compromise and settlement of class action suits. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (internal quotations omitted); *see also Newberg on Class Actions* § 11.41 (4th ed. 2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."). The procedure for review of a proposed class action settlement is a well-established two-step process. *Id.* § 11.25. The first step is a "preliminary, pre-notification hearing to determine whether the proposed settlement is within the range of possible approval." *In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010). The Manual for Complex Litigation characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by a court on the basis of written submissions and informal presentations from the settling parties. *Manual for Complex Litigation* § 21.632 (4th ed. 2004).

Rule 23(e)(2) provides factors for the Court to determine if a settlement is "fair, reasonable, and adequate." The Rule 23(e)(2) factors are: (A) the class representatives and class counsel have adequately represented the class; (B) the

22

proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed attorney's fee, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

In addition to these factors, the Sixth Circuit has laid out its own factors to consider. *See UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). They are: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.*

### A. The Rule 23(e)(2) Factors Weigh in Favor of Preliminary Approval

This Settlement easily satisfies the Rule 23(e)(2) factors.

First, as explained above, Plaintiff and proposed Class Counsel have adequately represented the class, including by securing an excellent recovery through the Settlement. *See supra* at Introduction.

Second, the Settlement was negotiated at arm's-length through a mediation

23

with Judge Holderman, after the Parties exchanged information sufficient to adequately assess the strengths and weaknesses of the case. *See supra* at § II.C.

Third, the relief provided is clearly adequate when taking into account the factors listed in Rule 23. The Settlement provides an extraordinary recovery for the Settlement Class and does so without additional delay and uncertainty of litigation. The Settlement also provides for Settlement Class Members to receive cash payments of approximately $50 without even filing a claim form. Agreement ¶ 2.1. So long as Settlement Class Members do not exclude themselves from the Settlement, they will receive a cash payment. *Id.* The attorneys' fees and costs provided for by the Settlement are consistent with that of other PPPA settlements in this District. *See, e.g., Perlin v. Time Inc.*, (No. 2:16-cv-10635 ECF No. 55, PageID.1087-1095) (E.D. Mich. Oct. 15, 2018) (awarding 40% of $7.4 million settlement fund resolving plaintiff's PPPA claim); *Kinder v. Meredith Corp.*, (No. 1:14-cv-11284 ECF No. 72, PageID.2396-2436) (E.D. Mich. May 18, 2016) (awarding 35% of $7.5 million settlement fund resolving plaintiff's PPPA claim); *Moeller v. American Media, Inc.*, (No. 2:16-cv-11367 ECF No. 42, PageID.891-899) (E.D. Mich. Sept. 28, 2017) (awarding 35% of $7.6 million settlement fund resolving plaintiff's PPPA claim). And the Settlement Agreement is attached to the Fraietta Declaration as Exhibit 1.

Fourth, the proposed Settlement treats class members equitably relative to

24

each other as every Settlement Class Member will receive an identical *pro rata* cash payment under the Settlement. Agreement ¶ 2.1.

### B.   The Sixth Circuit's *UAW* Factors Weigh in Favor of Preliminary Approval

The Sixth Circuit's *UAW* factors also weigh in favor of preliminary approval. When evaluating the factors, "[t]he district court enjoys wide discretion in assessing the weight and applicability of the[] factors." *Granada Investments, Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992). "The court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *UAW v. Gen. Motors Corp.*, 2006 WL 891151 at *14 (E.D. Mich. Mar. 31, 2006).

### 1.   There Is No Risk of Fraud or Collusion (*UAW* Factor 1)

The first *UAW* factor is "the risk of fraud or collusion." *UAW*, 497 F.3d at 631. "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Leonhardt v. AvrinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008). Where, as here, a settlement was reached through arm's-length negotiations through an experienced mediator, there is no evidence of fraud or collusion. *See, e.g.*, *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010) ("[N]egotiations of the Settlement Agreement were conducted at arm's-length by adversarial parties and experienced counsel, which itself is indicative of fairness, reasonableness, and

adequacy.").

### 2.    Litigation Through Trial Would Be Complex, Costly, and Long (*UAW* Factor 2)

The second *UAW* factor is "the complexity, expense and likely duration of the litigation." *UAW*, 497 F.3d at 631. Most class actions are inherently risky, and thus "[t]he obvious costs and uncertainty of such lengthy and complex litigation weigh in favor of settlement." *UAW*, 2006 WL 891151 at \*17. This case is no exception. As discussed above, the Parties have engaged in informal discovery, and a private mediation. Fraietta Decl. ¶¶ 6-10. The next steps in the litigation would include a contested motion to dismiss, including on the appliable statute of limitations, formal discovery, including written discovery, depositions of the Parties, and third-party discovery, and contested motions for summary judgment and class certification, which would be at a minimum costly and time-consuming for the Parties and the Court, and create risk that a litigation class would not be certified and/or that the Settlement Class would recover nothing at all. Defendant had indicated that it would continue to assert numerous defenses on the merits. More specifically, Plaintiff is aware that Defendant would continue to assert that the case is time-barred by the statute of limitations. If that argument failed, Defendant would continue to assert that the PPPA does not prohibit the disclosure of the magazine subscriptions information at issue (because the third-party recipients of the alleged disclosures are Outside's agents), that Defendant also provided appropriate notice of its practices so

26

as to make the alleged disclosures permissible under the PPPA, and that the PPPA does not apply to subscriptions that were not sold by Defendant "at retail," as is required to come under the scope of the statute. Plaintiff and proposed Class Counsel are also aware that Defendant would oppose class certification vigorously, and that Defendant would prepare a competent defense at trial. Looking beyond trial, Plaintiff is also aware that Defendant could appeal the merits of any adverse decision; and in light of the statutory damages in play, it would argue – in both the trial and appellate courts – for a reduction of damages based on due process concerns. *Id.* ¶ 19.

The Settlement, on the other hand, permits a prompt resolution of this action on terms that are fair, reasonable, and adequate to the Class. This result will be accomplished years earlier than if the case proceeded to judgment through trial and/or appeals, and provides certainty whereas litigation does not and could result in defeat for the Class on summary judgment, at trial or on appeal. Consequently, this *UAW* factor plainly weighs in favor of preliminary approval of the proposed Settlement.

### 3.     Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3)

The third *UAW* factor is "the amount of discovery engaged in by the parties." *UAW*, 497 F.3d at 631. Here, the Parties exchanged information that would have contained the same information produced in formal discovery related to issues of

27

class certification and summary judgment; and thus the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses. Fraietta Decl. ¶¶ 8-9. Proposed Class Counsel's experience in similar matters, as well as the efforts made by counsel on both sides, confirms that they are sufficiently well apprised of the facts of this action, and the strengths and weaknesses of their respective cases, to make an intelligent analysis of the proposed settlement.

### 4.  Plaintiff Would Face Real Risks if the Case Proceeded (*UAW* Factor 4)

The fourth *UAW* factor is "the likelihood of success on the merits." *UAW*, 497 F.3d at 631. Here, although Plaintiff believes his case is strong, it is not without risk. As aforementioned, Defendant has made clear that absent a settlement, it will move to dismiss, including on statute of limitations grounds; move for summary judgment on various issues; and vigorously contest class certification. *See supra* at § VI.B.2. The risk of maintaining the class status through trial is also present. The Court has not yet certified the proposed Class and the Parties anticipate that such a determination would only be reached after lengthy discovery and exhaustive class certification briefing is filed. Defendant would likely argue that individual questions preclude class certification. Defendant would also likely argue that a class action is not a superior method to resolve Plaintiff's claims, and that a class trial would not be manageable.

Should the Court certify the class, Defendant would likely challenge

certification through a Rule 23(f) application and subsequently move to decertify, forcing additional rounds of briefing. Risk, expense, and delay permeate such a process. The proposed Settlement eliminates this risk, expense, and delay. This *UAW* factor thus favors preliminary approval.

### 5. Proposed Class Counsel and Class Representative Support the Settlement (*UAW* Factor 5)

The fifth *UAW* factor is "the opinions of class counsel and class representatives." *UAW*, 497 F.3d at 631. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW*, 2008 WL 4104329, at *26. Here, both proposed Class Counsel and Class Representative support the Settlement. *See* Fraietta Decl. ¶¶ 17-20. This *UAW* factor, therefore, favors preliminary approval.

### 6. The Reaction of Absent Class Members (*UAW* Factor 6)

The sixth *UAW* factor is "the reaction of absent class members." *UAW*, 497 F.3d at 631. Since Notice of the Settlement has not yet issued to the Class, it is not possible to gauge the reaction of the Class at this time. Prior PPPA magazine settlements suggest that the Class will react favorably, however.

### 7. The Settlement Serves the Public Interest (*UAW* Factor 7)

The seventh and final *UAW* factor is "the public interest." *UAW*, 497 F.3d at 631. Settlements may serve the public interest by advancing a statute's goals or by conserving judicial resources. *See In re Cardizem CD Antitrust Litigation*, 218

F.R.D. 508, 530 (E.D. Mich. 2003).  The Settlement here accomplishes both.

First, there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Id.* Further, when individual class members seek a relatively small amount of statutory damages, "economic reality dictates that [their] suit proceed as a class action or not at all." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 161 (1974).  Here, if the Settlement does not receive the Court's final approval, the Parties anticipate a complex and lengthy litigation that would continue and would require significantly more motion practice and potential appeals.  *See Sims v. Pfizer, Inc.*, 2016 WL 772545, at *9 (E.D. Mich. Feb. 24, 2016) (finally approving settlement and finding that "absent settlement, all class members would be subject to the uncertainties, hardship, and delay attendant to continued litigation.").  Thus, by avoiding complex class action litigation that can consume a court's time and money, the Settlement furthers the public interest.

Second, the Settlement also serves the public interest by furthering the objectives of the Michigan legislature in enacting the PPPA. The PPPA recognizes that "one's choice in videos, records, and books is nobody's business but one's own."  House Legis. Analysis Section, H.B. No. 5331.Class action litigation in this area is a means of safeguarding the privacy of readers under the PPPA, especially

because some consumers may be unaware of the data sharing practices alleged here—that Defendant disclosed its customers' personal reading information without their consent. This factor therefore supports preliminary approval.

Therefore, all of the *UAW* factors weigh in favor of approval. Because the settlement on its face, is fair, reasonable, and adequate, and not a product of collusion, the Court should grant preliminary approval.

## VII.  THE NOTICE PLAN SHOULD BE APPROVED IN FORM AND SUBSTANCE

Rule 23 and Due Process require that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Rule 23(e)(1) similarly provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). The substance of the notice to the settlement class must describe in plain language the nature of the action, the definition of the class to be certified, the class claims and defenses at issue, that class members may enter an appearance through counsel if so desired, that class members may request to be excluded from the settlement class, and that the effect of a class judgment shall be binding on all class members. *See* Fed. R. Civ. P. 23 (c)(2)(B). Notice is "adequate if it may be understood by the average class member." *Newberg*,

§ 11:53 at 167.

Here, the Parties have agreed upon a multi-part notice plan that easily satisfies the requirements of both Rule 23 and Due process. First, the Settlement Administrator will send direct notice by postal mail to all Settlement Class Members for whom the Settlement Administrator has been able to identify a postal address that it concludes has a reasonable likelihood of reflecting the current residence of such Settlement Class Member. Agreement ¶ 4.1(b)(ii); Agreement Ex. B. If more than one postal address is identified, the Settlement Administrator will send the postal mail notice to both addresses, and each notice will indicate the address to which the Settlement Class Member's cash award check will be sent. *Id.* ¶ 4.1(b)(iii). Next, for any Settlement Class Member for whom the Settlement Administrator is unable to identify at least one postal address, the Settlement Administrator will send notice via email. *Id.* ¶ 4.1(b)(iv); Agreement Ex. A. Further, the Settlement Administrator will establish a Settlement Website that shall contain the "long form notice" (*see* Agreement Ex. C), as well as access to important Court documents, upcoming deadlines, and the ability to file claim forms online (if needed for any unidentified class members), or an updated postal address. *Id*. ¶ 4.1(c). Finally, the Settlement Administrator will also provide notice of the Settlement to the appropriate state and federal officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715. *Id*. ¶ 4.1(e).

In sum, the proposed methods for providing notice to the Class comports with both Rule 23 and Due Process and, thus, should be approved by the Court.

## VIII. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Corrected Unopposed Motion for Preliminary Approval of the Settlement. A Proposed Order granting preliminary approval, certifying the Settlement Class, appointing Class Counsel, and approving the Proposed Notice of Settlement, is submitted herewith.

Dated: March 17, 2022                    Respectfully submitted,

By: */s/ E. Powell Miller*
One of Plaintiff's Attorneys

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801

*Proposed Class Counsel*

## <u>Compliance with Local Rule 7.1(d)(3)</u>

I, E. Powell Miller, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length, as requested in Plaintiff's Corrected Unopposed Motion For Leave to File Enlarged Brief in Support of Plaintiff's Corrected Unopposed Motion For Preliminary Approval of Class Action Settlement. Local Rule 7.1(d)(3).

*/s/ E. Powell Miller*
E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste 300
Rochester, MI 48307
Tel: 248.841.2200

1

## <u>CERTIFICATE OF SERVICE</u>

I, E. Powell Miller, an attorney, hereby certify that on March 17, 2022, I served the above and foregoing ***Plaintiff's Corrected Unopposed Motion for Preliminary Approval of Class Action Settlement*** on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

*/s/ E. Powell Miller*
E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste 300
Rochester, MI 48307
Tel: 248.841.2200
