# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN LOFTUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OUTSIDE INTEGRATED MEDIA, LLC,<br><br>Defendant. | Case No. 2:21-cv-11809-MAG-DRG<br>Hon. Mark A. Goldsmith<br>Mag. Judge David R. Grand |

## PLAINTIFF'S UNOPPOSED MOTION FOR
## <u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

The undersigned counsel certifies that counsel communicated with opposing counsel, via email on July 19, 2022, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; Defendant's counsel does not oppose this motion and the relief requested herein.

For the reasons set forth in Plaintiff's Brief in Support of his Unopposed Motion for Final Approval of Class Action Settlement, Plaintiff respectfully requests that the Court grant final approval to the Class Action Settlement and enter final judgment.[1]

I, E. Powell Miller, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated:  July 19, 2022                          Respectfully submitted,


                                               By: */s/ E. Powell Miller*
                                               One of Plaintiff's Attorneys

                                               E. Powell Miller (P39487)
                                               Sharon S. Almonrode (P33938)
                                               **THE MILLER LAW FIRM, P.C.**

---

[1]      Settlement Agreement and its exhibits are included with the accompanying Supporting Brief.

950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese (P85862)
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801

*Class Counsel*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN LOFTUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OUTSIDE INTEGRATED MEDIA, LLC,<br><br>Defendant. | Case No. 2:21-cv-11809-MAG-DRG<br><br>Hon. Mark A. Goldsmith<br><br>Mag. Judge David R. Grand |

## BRIEF IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

i

## STATEMENT OF ISSUES PRESENTED

1.  Whether this Court should find that notice to the Settlement Class satisfies the requirements of Due Process and Federal Rule of Civil Procedure 23, when direct notice – detailing the terms of the Settlement Agreement and individual options for objecting, opting-out, or automatically receiving payment – was transmitted via email and postcard and reached approximately 99.75% of the class?

    **Plaintiff's Answer: Yes.**

2.  Whether this Court should grant final approval to the Settlement Agreement under Michigan's Preservation of Personal Privacy Act, M.C.L. §§ 445.1711-1715 ("PPPA"), finding it fair, reasonable, and adequate, when it delivers meaningful monetary relief to the Settlement Class?

    **Plaintiff's Answer: Yes.**

## <u>CONTROLLING AND MOST IMPORTANT AUTHORITY</u>

Fed. R. Civ. P. 23

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974)

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)

*Leonhardt v. ArvinMeritor, Inc.*,
    581 F. Supp. 2d 818 (E.D. Mich. 2008)

*UAW v. Gen. Motors Corp.*,
    2006 WL 891151 (E.D. Mich. Mar. 31, 2006)

*UAW v. Gen. Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007)

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983)

Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process
    Checklist and Plain Language Guide (2010)

# TABLE OF CONTENTS

**PAGE(S)**

I.    INTRODUCTION ................................................................................................1

II.   SUMMARY OF THE LITIGATION ................................................................2

    A.   Michigan's Preservation of Personal Privacy Act ....................................2

    B.   Plaintiff's Allegations ...............................................................................3

    C.   The Litigation and Work Performed to Benefit the Class..........................4

III.  TERMS OF THE SETTLEMENT AGREEMENT ...........................................5

    A.   Class Definition .........................................................................................5

    B.   Monetary Relief .........................................................................................5

    C.   Release .......................................................................................................6

    D.   Notice and Administration Expenses .........................................................6

    E.   Service Award and Attorneys' Fees and Expenses ...................................6

IV.   THE NOTICE PLAN COMPORTS WITH DUE PROCESS ...........................7

V.    THE SETTLEMENT WARRANTS FINAL APPROVAL...............................10

    A.   The Rule 23(e)(2) Factors Weigh in Favor of Final Approval ..............11

    B.   The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval....12

        1.   There Is No Risk of Fraud or Collusion (*UAW* Factor 1)...............12

        2.   Litigation Through Trial Would Be Complex, Costly, and Long (*UAW* Factor 2)..................................................................................13

        3.   Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3).............................15

        4.   Plaintiff Would Face Real Risks if the Case Proceeded (*UAW* Factor 4)......................................................................................15

        5.   Class Counsel and the Class Representative Support the Settlement (*UAW* Factor 5)..............................................................16

        6.   The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6)..............................................................................16

7.   The Settlement Serves yhe Public Interest (*UAW* Factor 7)...........17

VI.   CONCLUSION...............................................................................18

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974)................................................................7, 18

*Dick v. Sprint Commc'ns Co. L.P.*,
   297 F.R.D. 283 (W.D. Ky. 2014) ...........................................8

*Fidel v. Farley*,
   534 F.3d 508 (6th Cir. 2008) ..................................................8

*Gascho v. Glob. Fitness Holdings, LLC*,
   822 F.3d 269 (6th Cir. 2016) ..................................................8

*Halliday v. Weltman, Weinber & Reis Co., L.P.A.*,
   2013 WL 692856 (E.D. Mich. Feb. 26, 2013)......................10

*Hanlon v. Chrysler*,
   150 F.3d 1011 (9th Cir. 1998) ...............................................17

*In re Cardizem CD Antitrust Litig.*,
   218 F.R.D. 508 (E.D. Mich. 2003) .................................. 17, 18

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
   2009 WL 5184352 (W.D. Ky. Dec. 22, 2009) ........................8

*Leonhardt v. ArvinMeritor, Inc.*,
   581 F. Supp. 2d 818 (E.D. Mich. 2008) .......................... 10, 13

*Massiah v. MetroPlus Health Plan, Inc.*,
   2012 WL 5874655 (E.D.N.Y. 2012) ....................................17

*Olden v. Gardner*,
   294 F. App'x 210 (6th Cir. 2008) ........................................17

*Sheick v. Auto. Component Carrier, LLC*,
   2010 WL 3070130 (E.D. Mich. Aug. 2, 2010).....................13

*UAW v. Gen. Motors Corp.*,
  2006 WL 891151 (E.D. Mich. Mar. 31, 2006) .................................................7, 13

*UAW v. Gen. Motors Corp.*,
  497 F.3d 615 (6th Cir. 2007) ....................................................... passim

*Williams v. Vukovich*,
  720 F.2d 909 (6th Cir. 1983) ..............................................................10

**STATUTES**

M.C.L. § 445.1712 ......................................................................................3

M.C.L. § 445.1715 ......................................................................................3

M.C.L. § 600.5805(2) .................................................................................2

M.C.L. § 600.5813 ......................................................................................2

**RULES**

Fed. R. Civ. P. 23 ....................................................................... passim

Fed. R. Civ. P. 23(c)(2)(B) ...................................................................7, 8

Fed. R. Civ. P. 23(e) ................................................................................10

Fed. R. Civ. P. 23(e)(2) ..................................................................... 10, 11

Fed. R. Civ. P. 23(f) ................................................................................16

Fed. R. Civ. P. 26 ......................................................................................4

## I.    INTRODUCTION

On May 5, 2022, this Court preliminarily approved the class action settlement between Plaintiff John Loftus ("Plaintiff") and Defendant Outside Integrated Media, LLC ("OIM" or "Defendant") and directed that notice be sent to the Settlement Class. Order Granting Preliminary Approval, ECF No. 27; *see also* ECF No. 29 (order adjourning final fairness hearing). The settlement administrator has implemented the Court-approved notice plan and direct notice has reached approximately 99.75% of the certified Settlement Class. The reaction from the class has been overwhelmingly positive, which is not surprising given the strength of the Settlement. Specifically, of the 12,096 class members, **zero** have objected or requested to be excluded. The Settlement is an excellent result for the class and the Court should grant final approval.

The Settlement's strength largely speaks for itself: it creates a $998,406.92 non-reversionary common fund from which class members will automatically receive *pro rata* cash payments estimated to be approximately $50 (after payment of the costs of notice, administration, attorneys' fees, and incentive awards are made from the fund). The estimated $50 individual payments exceed the amount of class member payments in all but one other finally-approved Michigan Preservation of Personal Privacy Act ("PPPA") settlement, even though class members are not required to file claims in this settlement to receive payment. Thus, unlike in other

PPPA settlements where 80%-90% of the class did not receive payment, here every class member will receive payment.

The Settlement is even more impressive when considering that at the time it was reached, no court had ever adjudicated the proper statute of limitations for a PPPA claim, and the statute of limitations issue continues to be contested by defendants in other pending PPPA cases. Defendant advocates for a three-year statute of limitations pursuant to M.C.L. § 600.5805(2), while Plaintiff advocates for a six-year statute of limitations pursuant to M.C.L. § 600.5813. Because the case was filed more than three years after the alleged unlawful disclosures, if the Court ultimately sided with Defendant, the case would have been time-barred and the Settlement Class would have recovered nothing at all.

For these reasons, and as explained further below, the Settlement is fair, reasonable, and adequate, warranting this Court's final approval.

## II.    SUMMARY OF THE LITIGATION

### A.    Michigan's Preservation of Personal Privacy Act

The Michigan legislature passed the PPPA "to preserve personal privacy with respect to the purchase, rental, or borrowing of written materials, sound recordings, and video recordings." First Amended Complaint (ECF No. 4) ("FAC"). As such, the PPPA provides that:

> a person, or an employee or agent of the person, engaged in the business
> of selling at retail . . . books or other written materials . . . shall not

2

disclose to any person, other than the customer, a record or information concerning the purchase ... of those materials by a customer that indicates the identity of the customer.

M.C.L. § 445.1712.[1]

To enforce the statute, the PPPA authorizes civil actions and provides for the recovery of statutory damages in the amount of $5,000, plus costs and reasonable attorney fees. *See* M.C.L. § 445.1715.

### B. Plaintiff's Allegations

OIM is an international media company that publishes *Outside* and other magazines. *See* FAC at ¶ 10, ECF No. 4, PageID.538. Plaintiff alleges that before July 30, 2016, Defendant disclosed information related to its customers' magazine subscription histories and personal reading habits. *Id.* at ¶¶ 1-2, 5-8, 41-48, PageID.533-534, 536-537, 549-551. Plaintiff alleges that Defendant traded its customers' protected reading information with certain third parties – including data mining companies – in exchange for other demographic and lifestyle data that such companies have already gathered (or "mined") on each subscriber. *Id.* at ¶¶ 5, 41-43, PageID.536, 549. Plaintiff further alleges that Defendant thereafter "enhanced" its own customer profiles with this additional data, and then allegedly disclosed the enhanced information to other unrelated third parties for a profit. *Id.*

Plaintiff further alleges that no matter how consumers subscribed (*i.e.*, via

---

[1]     The pre-2016 amendment version of the PPPA; *see also* FAC at ¶ 1 and n.2.

postcard, over the phone, or on Defendant's website), Defendant's customers never provided consent to disclose information related to their magazine subscriptions to third parties. *Id.* at ¶¶ 5, 45-46, PageID.536, 550. Plaintiff claims that this is because – during the subscription process – customers are not required to consent to any terms or policies informing them of Defendant's alleged disclosure practices. *Id.*

### C. The Litigation History and Settlement Discussions

Plaintiff filed this class action lawsuit on August 4, 2021, in the United States Court for the Eastern District of Michigan. (ECF No. 1). Plaintiff subsequently filed a First Amended Complaint on August 18, 2021. (ECF No. 4).

From the outset of the case, the Parties engaged in direct communication, and as part of their obligation under Fed. R. Civ. P. 26, discussed the prospect of resolution. *See* Declaration of Philip L. Fraietta in Support of Plaintiff's Unopposed Motion For Final Approval of Class Action Settlement ("Fraietta Decl.") at ¶ 6, attached here as **Exhibit A**. Those discussions led to an agreement between the Parties to engage in mediation, which the Parties agreed would take place before The Honorable James F. Holderman (Ret.), who is a neutral at JAMS in Chicago. *Id.* at ¶ 7. As part of the mediation, the Parties exchanged informal discovery, including on issues such as the size and scope of the putative class. *Id.* at ¶ 8. Given that the information exchanged would contain the same information produced in formal discovery related to issues of class certification and summary judgment, the Parties

had sufficient information to assess the strengths and weaknesses of the claims and defenses. *Id.* at ¶ 9. The mediation took place on February 1, 2022, and lasted the entire day. At the conclusion of the mediation, the Parties reached agreement on all material terms of a class action settlement and executed a term sheet. *Id.* at ¶ 10. In the weeks following, the Parties negotiated and finalized the full-form Settlement Agreement (the "Settlement" or the "Agreement"), which is attached to the Fraietta Declaration as Exhibit 1. *Id.* at ¶ 11. On May 5, 2022, the Court granted preliminary approval to the Settlement. *Id.* at ¶ 18 (citing ECF No. 27).

## III.   TERMS OF THE SETTLEMENT AGREEMENT

The terms of the Settlement agreement are briefly summarized as follows:

### A.   Class Definition

As part of preliminary approval, the Court certified a Settlement Class, defined as "[a]ll Persons who purchased a subscription directly from the publisher of *Backpacker*, *Clean Eating*, *Climbing*, *Gym Climber*, *Outside*, *Oxygen*, *Rock and Ice*, *SKI*, *Trail Runner*, *Triathlete*, *VeloNews*, *Women's Running*, or *Yoga Journal* for delivery to a Michigan street address, and who subscribed to such publication between August 4, 2015, and July 30, 2016." ECF No. 27 at ¶ 9, PageID.1530; Agreement ¶ 1.32.

### B.   Monetary Relief

Defendant will establish a $998,406.92 non-reversionary Settlement Fund,

from which each Settlement Class Member who did not exclude him or herself shall receive a *pro rata* cash payment, estimated to be approximately $50, after payment of notice and administrative expenses, attorneys' fees, and a service award to the Class Representative. Agreement ¶¶ 1.34, 2.1.  No portion of the Settlement Fund will revert back Defendant. *Id.* ¶ 1.34.[2]

### C.    Release

In exchange for the $998,406.92 cash payment, Defendant and each of its related and affiliated entities (the "Released Parties" defined in ¶ 1.28 of the Settlement) will receive a full release of all claims arising out of or related to Defendant's disclosure of its Michigan customers' magazine subscription information. *See* Agreement ¶¶ 1.27-1.29 for full release language.

### D.    Notice and Administration Expenses

The Settlement Fund will be used to pay the cost of sending the Notice set forth in the Agreement and any other notice as required by the Court, as well as all costs of administration of the Settlement. Agreement ¶¶ 1.30-31, 1.34.

### E.    Service Award and Attorneys' Fees and Expenses

---

[2]    At preliminary approval, the Parties stated that the Settlement Fund would be $850,000, but that number was calculated using an estimated class size of 10,298 persons. Since that time, the Parties and the Settlement Administrator have determined that there are actually 12,096 persons in the Settlement Class. Therefore, pursuant to Paragraph 1.34 of the Settlement, the Settlement Fund was increased to $998,406.92, or by $82.54 per additional Settlement Class Member.

In recognition of his efforts on behalf of the Settlement Class, Defendant has agreed that Plaintiff Loftus may receive, subject to Court approval, a service award of $5,000 from the Settlement Fund, as appropriate compensation for his time, effort, and leadership serving as class representative. Agreement ¶ 8.3. Defendant has also agreed that the Settlement Fund may also be used to pay Class Counsel reasonable attorneys' fees and to reimburse their expenses in this Action, in an amount to be approved by the Court. Agreement ¶¶ 1.34, 8.1. These awards are subject to this Court's approval, which Plaintiff has moved for separately. *See* ECF No. 31. That motion is unopposed, and there were no objections to it. Payment of attorneys' fees, costs, and expenses is due within 10 days after entry of Final Judgment. Agreement ¶ 8.2.

## IV.   THE NOTICE PLAN COMPORTS WITH DUE PROCESS

Before final approval can be granted, Due Process and Rule 23 require that the notice provided to the Settlement Class is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Notice "need only be reasonably calculated . . . to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 2006 WL 891151, at *33 (E.D. Mich. Mar. 31, 2006) (citation omitted). Notice must

clearly state essential information regarding the settlement, including the nature of the action, terms of the settlement, and class members' options. *See* Fed. R. Civ. P. 23(c)(2)(B); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 292 (W.D. Ky. 2014). At its core, "[a]ll that the notice must do is fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007) (citation omitted).

That said, Due Process does not require that every class member receive notice, and a notice plan is reasonable if it reaches at least 70% of the class. *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010); *see also In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352, at *12 (W.D. Ky. Dec. 22, 2009) (finding notice plan to be "the best notice practicable" where combination of mail and publications notice reached 81.8% of the class); *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir. 2016) (finding that notice and claims processes were appropriate where 90.8% of notices were successfully delivered to addresses associated with class members). The notice plan here meets these standards, as it provided direct notice via a postcard or email to approximately 99.75% of the Settlement Class.

At preliminary approval, the Court approved the Parties' proposed Notice Plan, finding it met the requirements of Rule 23 and Due Process. ECF No. 27 at ¶¶ 12-14, PageID.1532-1533. That plan has now been fully carried out by professional settlement administrator JND Legal Administration ("JND"). Pursuant to the Settlement, Defendant provided JND with a list of 12,335 available names, addresses, and emails of potential Settlement Class Members. Declaration of Jennifer M. Keough Regarding Notice Administration ("Keough Decl.") ¶ 6, attached here as **Exhibit B**. After JND removed duplicates, the Class List contained 12,099 persons, of which JND was able locate addresses for 12,096 persons. *Id.* ¶¶ 7-8. And  JND successfully delivered the Court-Approved notice via postcard to 11,984 class members and via email to 82 class members. *Id.* ¶¶ 9-12. Accordingly, the Court-approved notice successfully reached approximately 99.75% of the Settlement Class. Agreement ¶¶ 4.1(b); Keough Decl. ¶ 12.[3] These summary notices also directed Settlement Class Members to the Settlement Website, where they were able to submit change of address forms; access important court filings, including the Motion for Attorneys' Fees; and see deadlines and answers to frequently asked questions. Agreement ¶ 4.1(c); Keough Decl. ¶¶ 13-15.

---

[3]    JND also notified the appropriate state and federal officials pursuant to CAFA. Keough Decl. ¶¶ 4-5.

Given the broad reach of the notice, and the comprehensive information provided, the requirements of due process and Rule 23 are met.

## V. THE SETTLEMENT WARRANTS FINAL APPROVAL

The Federal Rules of Civil Procedure require judicial approval of class action settlements. *Halliday v. Weltman, Weinber & Reis Co., L.P.A.*, 2013 WL 692856, at *1 (E.D. Mich. Feb. 26, 2013) (citing Fed. R. Civ. P. 23(e)). At final approval, the ultimate issue is whether the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). Courts within the Sixth Circuit recognize a strong "federal policy favoring settlement of class actions." *UAW*, 497 F.3d at 632 (citation omitted); *see also Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 830 (E.D. Mich. 2008).

Rule 23(e)(2) provides factors for the Court to determine if a settlement is "fair, reasonable, and adequate." The Rule 23(e)(2) factors are: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiation at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed attorney's fee, including timing of payment; and (iv) any agreement required to be

10

identified under Rule 23(e)(2); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

In addition to these factors, the Sixth Circuit has laid out its own factors to consider. *See UAW*, 497 F.3d at 631. They are: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.* As described below, each factor affirms the fairness, reasonableness, and adequacy of the Settlement, and supports final approval.

### A.     The Rule 23(e)(2) Factors Weigh in Favor of Final Approval

This Settlement easily satisfies the Rule 23(e)(2) factors.

<u>First</u>, as explained above, Plaintiff and Class Counsel have adequately represented the class, including by securing an excellent per class member recovery and nearly the best ever approved in a PPPA case. *See supra* at Introduction.

<u>Second</u>, the Settlement was negotiated at arm's-length through a mediation session with Judge Holderman, after the Parties exchanged information sufficient to adequately assess the strengths and weaknesses of the case. *See supra* at § II.C.

<u>Third</u>, the relief provided is clearly adequate when taking into account the factors listed in Rule 23. The Settlement provides an extraordinary recovery for the

Settlement Class and does so without additional delay and uncertainty of litigation. The Settlement also provides for Settlement Class Members to receive cash payments of approximately $50 without even filing a claim form. Agreement ¶ 2.1. The attorneys' fees and costs provided for by the Settlement are consistent with that of other PPPA settlements in this District. *See, e.g., Perlin v. Time Inc.*, No. 2:16-cv-10635 ECF No. 55, PageID.1087-1095 (E.D. Mich. Oct. 15, 2018) (awarding 40% of $7.4 million settlement fund resolving plaintiff's PPPA claim); *Kinder v. Meredith Corp.*, No. 1:14-cv-11284 ECF No. 72, PageID.2396-2436 (E.D. Mich. May 18, 2016) (awarding 35% of $7.5 million settlement fund resolving plaintiff's PPPA claim); *Moeller v. American Media, Inc.*, No. 2:16-cv-11367 ECF No. 42, PageID.891-899 (E.D. Mich. Sept. 28, 2017) (awarding 35% of $7.6 million settlement fund resolving plaintiff's PPPA claim). And the Settlement Agreement is attached to the Fraietta Declaration as Exhibit 1.

Fourth, the proposed Settlement treats class members equitably relative to each other as every Settlement Class Member will receive an identical *pro rata* cash payment under the Settlement. Agreement ¶ 2.1.

## B. The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval

### 1. There is No Risk Of Fraud Or Collusion (*UAW* Factor 1)

The first *UAW* factor is "the risk of fraud or collusion." *UAW*, 497 F.3d at 631. "Courts presume the absence of fraud or collusion in class action settlements

12

unless there is evidence to the contrary." *Leonhardt*, 581 F. Supp. 2d at 838. Where, as here, a settlement was reached through arm's-length negotiations through an experienced mediator, there is no evidence of fraud or collusion. *See, e.g.*, *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010) ("[N]egotiations of the Settlement Agreement were conducted at arm's-length by adversarial parties and experienced counsel, which itself is indicative of fairness, reasonableness, and adequacy.").

### 2. Litigation Through Trial Would Be Complex, Costly, and Long (*UAW* Factor 2)

The second *UAW* factor is "the complexity, expense and likely duration of the litigation." *UAW*, 497 F.3d at 631. Most class actions are inherently risky, and thus "[t]he obvious costs and uncertainty of such lengthy and complex litigation weigh in favor of settlement." *UAW*, 2006 WL 891151 at *17. This case is no exception. As discussed above, the Parties have engaged in informal discovery, and a private mediation. Fraietta Decl. ¶¶ 6-10.  The next steps in the litigation would include a contested motion to dismiss, including on the appliable statute of limitations, formal discovery, including written discovery, depositions of the Parties, and third-party discovery, and contested motions for summary judgment and class certification, which would be at a minimum costly and time-consuming for the Parties and the Court, and create risk that a litigation class would not be certified and/or that the Settlement Class would recover nothing at all. Defendant had indicated that it would

continue to assert numerous defenses on the merits. More specifically, Plaintiff is aware that Defendant would continue to assert that the case is time-barred by the statute of limitations. If that argument failed, Defendant would continue to assert that the PPPA does not prohibit the disclosure of the magazine subscriptions information at issue (because the third-party recipients of the alleged disclosures are Outside's agents), that Defendant also provided appropriate notice of its practices so as to make the alleged disclosures permissible under the PPPA, and that the PPPA does not apply to subscriptions that were not sold by Defendant "at retail," as is required to come under the scope of the statute. Plaintiff and proposed Class Counsel are also aware that Defendant would oppose class certification vigorously, and that Defendant would prepare a competent defense at trial. Looking beyond trial, Plaintiff is also aware that Defendant could appeal the merits of any adverse decision; and in light of the statutory damages in play, it would argue – in both the trial and appellate courts – for a reduction of damages based on due process concerns. *Id.* ¶ 22.

The Settlement, on the other hand, permits a prompt resolution of this action on terms that are fair, reasonable, and adequate to the Class. This result will be accomplished years earlier than if the case proceeded to judgment through trial and/or appeals, and provides certainty whereas litigation does not and could result in defeat for the Class on a motion to dismiss, at summary judgment, at trial, or on

appeal. Consequently, this *UAW* factor plainly weighs in favor of final approval of the Settlement.

### 3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3)

The third *UAW* factor is "the amount of discovery engaged in by the parties." *UAW*, 497 F.3d at 631. Here, the Parties exchanged information that would have contained the same information produced in formal discovery related to issues of class certification and summary judgment; and thus the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses. Fraietta Decl. ¶¶ 8-9. Class Counsel's experience in similar matters, as well as the efforts made by counsel on both sides, confirms that they are sufficiently well apprised of the facts of this action, and the strengths and weaknesses of their respective cases, to make an intelligent analysis of the Settlement.

### 4. Plaintiff Would Face Real Risks if the Case Proceeded (*UAW* Factor 4)

The fourth *UAW* factor is "the likelihood of success on the merits." *UAW*, 497 F.3d at 631. As aforementioned, Defendant has made clear that absent a settlement, it will move to dismiss, including on statute of limitations grounds; move for summary judgment on various issues; and vigorously contest class certification. *See supra* at § VI.B.2. The risk of maintaining the class status through trial is also present. The Court has not yet certified the proposed Class and the Parties anticipate

that such a determination would only be reached after lengthy discovery and exhaustive class certification briefing is filed. Defendant would likely argue that individual questions preclude class certification. Defendant would also likely argue that a class action is not a superior method to resolve Plaintiff's claims, and that a class trial would not be manageable.

Should the Court certify the class, Defendant would likely challenge certification through a Rule 23(f) application and subsequently move to decertify, forcing additional rounds of briefing. Risk, expense, and delay permeate such a process. The proposed Settlement eliminates this risk, expense, and delay. This *UAW* factor thus favors final approval.

### 5.    Class Counsel and the Class Representative Support the Settlement (*UAW* Factor 5)

The fifth *UAW* factor is "the opinions of class counsel and class representatives." *UAW*, 497 F.3d at 631. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW*, 2008 WL 4104329, at *18. Here, both Class Counsel and the Class Representative support the Settlement. *See* Fraietta Decl. ¶ 17. This *UAW* factor therefore favors final approval.

### 6.    The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6)

The sixth *UAW* factor is "the reaction of absent class members." *UAW*, 497 F.3d at 631. In most class action settlements, a small number of opt-outs and objections "are to be expected" and do not impact the Settlement's fairness. *In re Cardizem*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) (citations omitted); *see also Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008) (inferring that most "class members had no qualms" with settlement where 79 out of 11,000 class members objected). But here, **<u>zero</u>** class members objected or requested to be excluded. Fraietta Decl. ¶ 20; Keough Decl. ¶¶ 24-27. The lack of objections or exclusions is even more impressive when considering that approximately 99.75% of the Settlement Class received direct notice of the Settlement. Keough Decl. ¶ 17. This *UAW* factor therefore plainly weighs in favor of final approval. *See, e.g.*, *Hanlon v. Chrysler*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *4 (E.D.N.Y. Nov. 20, 2012) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness.").

### 7.   The Settlement Serves the Public Interest (*UAW* Factor 7)

The seventh and final *UAW* factor is "the public interest." *UAW*, 497 F.3d at 631. "[T]here is a strong public interest in encouraging settlement of complex

litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. at 530 (internal quotations omitted). Further, when individual class members seek a relatively small amount of statutory damages, "economic reality dictates that [their] suit proceed as a class action or not at all." *Eisen*, 417 U.S. at 161. The Settlement also serves the public interest by furthering the objectives of the Michigan legislature in enacting the PPPA. The PPPA recognizes that "one's choice in videos, records, and books is nobody's business but one's own." House Legis. Analysis Section, H.B. No. 5331. Class action litigation in this area is a means of safeguarding the privacy of readers under the PPPA, especially because some consumers may be unaware of the data sharing practices alleged here—that Defendant disclosed its customers' personal reading information without their consent. This factor therefore supports final approval.

All of the *UAW* factors weigh in favor of approval, and the settlement on its face is fair, reasonable, and adequate, and not a product of collusion. The Court should therefore grant final approval.

## VI.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Unopposed Motion for Final Approval of Class Action Settlement and enter Final Judgment in the form submitted herewith.

Dated: July 19, 2022                    Respectfully submitted,

                                        By: */s/ E. Powell Miller*
                                        One of Plaintiff's Attorneys

                                        E. Powell Miller (P39487)
                                        Sharon S. Almonrode (P33938)
                                        950 W. University Drive, Suite 300
                                        Rochester, MI 48307
                                        Tel: 248.841.2200
                                        epm@millerlawpc.com
                                        ssa@millerlawpc.com

                                        Joseph I. Marchese (P85862)
                                        jmarchese@bursor.com
                                        Philip L. Fraietta (P85228)
                                        pfraietta@bursor.com
                                        **BURSOR & FISHER, P.A.**
                                        888 Seventh Avenue
                                        New York, New York 10019
                                        Tel: 646.837.7150
                                        Fax: 212.989.9163

                                        Frank S. Hedin
                                        fhedin@hedinhall.com
                                        Arun G. Ravindran
                                        aravindran@hedinhall.com
                                        **HEDIN HALL LLP**
                                        1395 Brickell Avenue, Suite 1140
                                        Miami, Florida 33131
                                        Tel: 305.357.2107
                                        Fax: 305.200.8801

                                        *Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I, E. Powell Miller, an attorney, hereby certify that on July 19, 2022, I served

the above and foregoing ***Plaintiff's Unopposed Motion for Final Approval of Class***

***Action Settlement*** on all counsel of record by filing it electronically with the Clerk

of the Court using the CM/ECF filing system.

*/s/ E. Powell Miller*
E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste 300
Rochester, MI 48307
Tel: 248.841.2200